

FILED

JAN 0 2 2019

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| WAYNE DALE KELLBERG,<br><br>Plaintiff,<br><br>vs.<br><br>RICKY SHELBOURNE, Supervisor FBI<br><br>Defendant. | CV 18-204-M-DLC-JCL<br><br>ORDER, and FINDINGS AND RECOMMENDATION |

## I. In Forma Pauperis Application

Plaintiff Wayne Kellberg, appearing pro se, filed an application requesting leave to proceed in forma pauperis. He submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears he lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that Kellberg's application is **GRANTED**. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Kellberg's lodged Complaint as of the filing date of his request to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary

1

screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
>     (A) the allegation of poverty is untrue; or
>
>     (B) the action or appeal–
>
>         (i) is frivolous or malicious;
>
>         (ii) fails to state a claim on which relief may be granted; or
>
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Kellberg's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II. Background

Kellberg alleges Defendant Ricky Shelbourne, identified by Kellberg as a supervisor employed by the FBI, put him on television and kept him "on TV way longer than anyone else." (Doc. 2 at 6.) He alleges Shelbourne's conduct occurred

from 2015 to 2018, and has prevented him from seeing his family and going to church because of lies told about him.

Kellberg asserts the Court has jurisdiction over his claim pursuant to 28 U.S.C. § 1331 on the basis that his claim arises under laws of the United States. (Doc. 2 at 5.)

## III. Discussion

Because Kellberg is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). In view of the required liberal construction,

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (emphasis added) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

But even with liberal construction of Kellberg's pleading, for the reasons discussed the Court concludes this action is barred under the doctrine of res judicata.

Although a federal court must be cautious in raising a preclusion bar sua sponte, it is appropriate to do so in special circumstances. *Arizona v. California*, 530 U.S. 392, 412 (2000).

> [I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.

*Arizona*, at 412 (quoting *United States v. Sioux Nation*, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting)). "As a general matter, a court may, sua sponte, dismiss a case on preclusion grounds 'where the records of that court show that a previous action covering the same subject matter and parties had been dismissed.'" *Headwaters, Inc. v. United States Forest Service*, 399 F.3d 1047, 1054-55 (9th Cir. 2005) (quoting *Evarts v. W. Metal Finishing Co.*, 253 F.2d 637, 639 n.1 (9th Cir. 1958)). Thus, where judicial resources have previously been spent on the resolution of a particular prior case, special circumstances can be found warranting the court's sua sponte application of res judicata to a subsequent attempt to relitigate the same case. *Cf. Arizona*, at 412-413, and *Headwaters, Inc.* at 1056-57.

This Court has notice of the facts and circumstances of Kellberg's prior civil action filed in this Court, captioned as *Kellberg v. Ricky Shelbourne, Supervisor*

*FBI*, CV 18-176-M-DLC-JCL (*Kellberg I*). This Court expended judicial resources addressing the merits of Kellberg's federal claims pled against Defendant Ricky Shelbourne in *Kellberg I*, and on November 29, 2018, the Court entered an order and a judgment dismissing that case. Nonetheless, Kellberg now seeks to commence a new lawsuit which presents the exact same facts and claims he presented in *Kellberg I*. Thus, any relitigation of Kellberg's same prior claims would be inconsistent with the prior dismissal in *Kellberg I*, and it would be a waste of judicial resources to again adjudicate claims stemming from the same predicate facts as were presented in *Kellberg I*. Therefore, the Court finds it is appropriate to raise the doctrine of res judicata sua sponte.

Res judicata, or claim preclusion, provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Res judicata is applicable when (1) the prior litigation and the present action involve the same claims, or when the two cases have an "identity of claims;" (2) a final judgment on the merits was entered in the prior litigation; and (3) there exists privity between the parties in the two cases. *Headwaters, Inc. v. United States Forest Service*, 399 F.3d 1047, 1052 (9th Cir. 2005) (citations omitted).

In assessing whether two litigation matters involve the same claims, a court must consider:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important.

*Headwaters, Inc.*, 399 F.3d at 1052.

Here, the nucleus of operative facts pled in this case are identical to those presented in *Kellberg I*. In each case Kellberg asserts Shelbourne is liable for his alleged conduct from 2015 to 2018 televising information about Kellberg. Also, Kellberg and Shelbourne are each a party to both *Kellberg I* and this case. Lastly, a judgment was entered in *Kellberg I* dismissing that case, and Kellberg did not appeal that 2018 judgment thereby rendering the judgment final. Shelbourne's entitlement to the finality of the judgment in *Kellberg I* would be impaired by relitigation of the same claims in this action. Therefore, Kellberg's claims advanced in this case are barred by the doctrine of res judicata, and should be dismissed.

Ordinarily, "[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not
6

be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)); *Kendall v. VISA U.S.A., Inc.*, 518 F.3d 1042, 1051-52 (9th Cir. 2008).

Here, the Court finds Kellberg's allegations are clearly barred under the doctrine of res judicata. And given the broad scope of res judicata, Kellberg could not plead any additional facts that would avoid application of res judicata. Thus, the Court finds it is unnecessary to afford Kellberg an opportunity to amend his pleading.

## IV. Conclusion

Based on the foregoing, IT IS HEREBY RECOMMENDED that Kellberg's complaint be DISMISSED without leave to amend.

DATED this 2nd day of January, 2019.

Jeremiah C. Lynch
United States Magistrate Judge